MADDOX, Justice
(concurring specially).
I agree that the motion for a stay of execution should be denied.
This is the eighth post-conviction proceeding Julius has filed in the seven-and-one-half years since he was reconvicted and resentenced to death in April and May 1982. He has unsuccessfully attacked his conviction and sentence in three federal habeas corpus proceedings under 28 U.S.C. § 2254. He has unsuccessfully attacked his conviction and sentence in two 42 U.S.C. § 1983 federal lawsuits. He has also unsuccessfully attacked his conviction and sentence in two coram nobis or Rule 20, Ala.R.Crim.P.Temp., proceedings in the courts of this State.
This Court, before it set an execution date of January 27, 1989, reviewed once again every claim that Julius made that his sentence of death should not be carried out. This Court carefully reviewed the former proceedings in the case and reviewed, once again, Julius's claims that he was denied a fair trial, and concluded that he did, in fact, get a fair trial and that the sentence of death was appropriate.
The Federal courts stayed the execution of our order in order to review Julius’s latest attack on his sentence of death, and denied his claim, as we had. Now, he seeks to raise another claim, in essence, that his sentence of death was not individualized.
If there was ever a case in which a petitioner should be precluded from filing another post-conviction claim, this is the case, and that is the basis for my vote to deny his motion for a stay.
This Court, before it set January 27, 1989, as the date of execution, had performed its duty of reviewing, under the guidelines set out in Beck v. State, 396 So.2d 645 (Ala.1981), to determine whether the sentence of death in this case was capriciously or arbitrarily imposed, and has reviewed it “to ascertain whether the crime was in fact one properly punishable by death, and whether similar crimes throughout the state were being punished capitally, and whether the sentence of death [was] appropriate in relation to [Julius].” 396 So.2d at 664.
There is nothing alleged in this petition that could not have been raised at trial, on direct appeal, or in the other post-conviction proceedings considered by this Court.